

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00216-CV

**LONGHORN TEJAS PROPERTY BUILDERS LLC**, Pedro Rodriguez a/k/a Pedro
Rodriguez Garcia, and Sarilen Chable,
Appellants

v.

**VGB SAN DIEGO LLC** and Valdemar Gutierrez,
Appellees

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CI00645
Honorable Christine Vasquez-Hortick, Judge Presiding

Opinion by: Lori I. Valenzuela, Justice

Sitting: Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice
H. Todd McCray, Justice

Delivered and Filed: May 21, 2025

REVERSED AND REMANDED

In two issues, appellants Longhorn Tejas Property Builders LLC, Pedro Rodriguez a/k/a

Pedro Rodriguez Garcia, and Sarilen Chable (collectively, "Longhorn") challenge a final judgment

rendered in favor of appellees VGB San Diego LLC and Valdemar Gutierrez (collectively,

"VGB"). We reverse the trial court's judgment and remand for further proceedings on VGB's

motion to enforce a mediated settlement agreement.

BACKGROUND

In January of 2023, VGB sued Longhorn, alleging it had breached several contracts involving real estate developments. The parties subsequently mediated their dispute before Judge Pat Boone.

In September of 2023, VGB filed a signed copy of an August 8, 2023 mediated settlement agreement the parties reached during the mediation with Judge Boone,[1] along with a motion to enforce the agreement. In its motion to enforce, VGB alleged that Longhorn had refused to execute a proposed release, promissory note, and deed of trust necessary to effectuate the parties' settlement.

On October 17, 2023, the trial court held a hearing on VGB's motion to enforce. The appellate record does not contain a transcript of the October 17 hearing, but the judge's notes state:

> Parties ordered to seek clarification on MSA from Judge Boone. Parties are to schedule an [appointment] w[ith] Judge Boone by end of this week and meet within next two weeks. If parties are not able to remediate within two weeks they are to return to the 225th [Judicial District Court]."

On October 20, 2023, VGB filed a Motion to Compel Compliance with Court Order, which asked the trial court to direct Longhorn to comply with the October 17 ruling. VGB also filed an October 25, 2023 Motion to Enter Order that requested similar relief.

The trial court's docket sheet indicates that the court held an October 31, 2023 hearing, but the appellate record does not contain a transcript of that hearing. On November 14, 2023, the trial court signed a written order granting VGB's Motion to Enter Order. In this written order, the trial court "ORDERED, ADJUDGED, and DECREED that [VGB] and [Longhorn] entered into a binding mediated settlement agreement on August 8, 2023." However, the trial court's order also

---

[1] *See* TEX. R. CIV. P. 11 ("[N]o agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.").

directed the parties "to return to mediation with Judge Pat Boone on January 4, 2024" and provided "that should mediation be unsuccessful, Judge Pat Boone should submit a clarification as to the mediated settlement agreement to the Court."

On January 9, 2024, VGB filed a Motion to Enter Second Order on Plaintiffs' Motion to Enforce Settlement Agreement. VGB's motion included a screenshot of an email from Judge Boone in which he stated, "The case was mediated last week and did not settle." Judge Boone's email recommended that the trial court order Longhorn "to sign the formal Deed of Trust and Promissory Note." VGB asked the trial court to sign an order consistent with Judge Boone's recommendation.

On February 23, 2024, Longhorn filed its first written response to VGB's motion to enforce the mediated settlement agreement. Longhorn alleged the parties' January mediation was "not successful in ironing out all of their material terms," and it argued the trial court "cannot find there exists a settlement agreement when the parties do not have a meeting of the minds as to all material terms." Longhorn asked the trial court to "find that a final settlement agreement has not been reached and this matter should proceed to trial on the merits."

On February 28, 2024, the trial court conducted a hearing that the docket sheet describes as "Setting on Motion to Enter/Sign." The appellate record does not include a transcript of that hearing. On February 29, 2024, the trial court signed a written final judgment that granted VGB's motion to enforce the settlement agreement. Longhorn then filed this appeal.

## ANALYSIS

In its first issue, Longhorn argues that the mediated settlement agreement was unenforceable because it lacked material terms. In its second issue, Longhorn argues that even if the mediated settlement agreement was enforceable, Longhorn revoked its consent to the

agreement before the trial court rendered judgment on it. Because we conclude Longhorn's second issue is dispositive, we will address it first.

### *Applicable Law and Standard of Review*

"If the parties reach a settlement and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract." TEX. CIV. PRAC. & REM. CODE § 154.071(a). However, "the parties must consent to the agreement at the time the trial court renders judgment." *Gamboa v. Gamboa*, 383 S.W.3d 263, 269 (Tex. App.—San Antonio 2012, no pet.). When one party revokes his consent to a settlement, "[t]he settlement agreement alone is insufficient to provide a basis for judgment because it deprives a party of the right to be confronted by appropriate pleadings, assert defenses, conduct discovery, and submit contested fact issues to a judge or jury." *In re Est. of Denison*, No. 11-04-00058-CV, 2005 WL 2404046, at *1 (Tex. App.—Eastland Sept. 29, 2005, pet. denied) (mem. op.). A disputed settlement agreement may not be enforced "simply on motion and hearing[.]" *Gamboa*, 383 S.W.3d at 269–70. "When a trial court has knowledge that one of the parties to a suit does not consent to a judgment, the trial court should refuse to sanction the agreement by making it the judgment of the court." *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983).

"Although a court cannot render a valid agreed judgment absent consent at the time it is rendered, this does not preclude the court, after proper notice and hearing, from enforcing a settlement agreement" through a breach of contract action. *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995). Such an action "is subject to normal rules of pleading and proof." *Gamboa*, 383 S.W.3d at 269. Like any contested issue, a breach of contract action involving a settlement agreement may be resolved by "trial on the merits, either to a jury or the bench, motions for summary judgment, or agreements by the parties to compromise some or all of a party's claims."

*In re Park Mem'l Condo. Ass'n*, 322 S.W.3d 447, 451 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). "Except by these methods, however, a trial court cannot resolve a disputed issue." *Id.* "The law does not recognize the existence of any special summary proceeding for the enforcement of a written settlement agreement, even one negotiated and executed in the context of a mediation." *Pena v. Smith*, 321 S.W.3d 755, 758 (Tex. App.—Fort Worth 2010, no pet.).

This authority establishes that when one party revokes its consent to a settlement, the crucial question is whether it did so before or after the trial court rendered judgment on the agreement. *See S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995) (per curiam); *Gamboa*, 383 S.W.3d at 270. "The rendition of the trial court's decision, whether in open court or by official document of the court, is the critical moment when the judgment becomes effective." *Henry v. Cullum Cos., Inc.*, 891 S.W.2d 789, 792 (Tex. App.—Amarillo 1995, writ denied). A rendition of judgment may be either oral or written, but "'[t]he judge's intention to render judgment in the future cannot be a present rendition of judgment. The rendition of judgment is a present act[.]' . . . The words used by the trial court must clearly indicate the intent to render judgment at the time the words are expressed." *Leal*, 892 S.W.2d at 858 (quoting *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex. 1976) (orig. proceeding)); *Gamboa*, 383 S.W.3d at 270. The Texas Supreme Court has held that a trial court may render judgment on a settlement agreement "by ordering [the parties] to sign and follow the agreement." *See Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex. 1982) (per curiam).

"A trial court's decision whether a settlement agreement should be enforced as an agreed judgment or must be the subject of a contract action requiring additional pleadings and proof is subject to the abuse of discretion standard of review." *Lewoczko v. Crews*, No. 09-18-00432-CV, 2020 WL 6494207, at *3 (Tex. App.—Beaumont Nov. 5, 2020, no pet.) (mem. op.); *Staley v.*

*Herblin*, 188 S.W.3d 334, 336 (Tex. App.—Dallas 2006, pet. denied). A trial court abuses its discretion if its decision is arbitrary, unreasonable, or made without reference to guiding rules and principles. *See Lewoczko*, 2020 WL 6494207, at *3.

### *Application*

1. *Did Longhorn revoke its consent to the agreement before or after rendition of judgment?*

The earliest indication in the record that Longhorn no longer agreed with the terms of the mediated settlement agreement appears in its February 23, 2024 response, in which it alleged the parties "had an agreement as to some but not all of the material terms." As noted above, the trial court's November 14, 2023 written order explicitly "ORDERED, ADJUDGED, and DECREED that [VGB] and [Longhorn] entered into a binding mediated settlement agreement on August 8, 2023[.]" By decreeing that the mediated settlement agreement was binding, the trial court necessarily found the existence of: (1) an offer; (2) acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the agreement with the intent that it be mutual and binding. *See, e.g.*, *Copeland v. Alsobrook*, 3 S.W.3d 598, 604 (Tex. App.—San Antonio 1999, pet. denied) (listing elements of "a binding contract"). It also necessarily found that the agreement was sufficiently definite to allow the court to understand the parties' obligations. *Fiduciary Fin. Servs. of Sw., Inc. v. Corilant Fin., L.P.*, 376 S.W.3d 253, 256 (Tex. App.—Dallas 2012, pet. denied).

Nevertheless, we conclude the trial court's order did not clearly indicate a then-present intent to render a full, final, and complete judgment. *See Gamboa*, 383 S.W.3d at 270–71. While the trial court found the mediated settlement agreement was binding, it did not order the parties to finalize and comply with that agreement. *Cf. Samples*, 640 S.W.2d at 875. Instead, it ordered them to return to mediation with Judge Boone and contemplated further trial court proceedings "should

mediation be unsuccessful[.]" This language indicates that the trial court believed relevant issues remained unresolved. *See Gamboa*, 383 S.W.3d at 270. Accordingly, the November 14 order is more akin to a written approval of the settlement agreement than a final rendition of judgment. *See id.* at 270–71; *In re Est. of Denison*, 2005 WL 2404046, at *2 ("Approval of a settlement does not necessarily constitute rendition of judgment.").

The trial court clearly indicated a present intent to render a full, final, and complete judgment when it signed the February 29, 2024 written final judgment, which stated, "This order does, and is intended to, dispose of all parties and all claims in this cause, and it is intended to be a final order." *See In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018) (orig. proceeding) (order that uses clear and unequivocal finality language must be taken "at face value"). But by that time, Longhorn had already filed a response alleging that no settlement agreement existed because "the parties do not have a meeting of the minds as to all material terms." Longhorn's response also requested a trial. This response was sufficient to put both VGB and the trial court on notice that Longhorn did not agree to the entry of a consent judgment. *See Le Jeune v. Robbins*, No. 10-16-00360-CV, 2021 WL 824991, at *2–3 (Tex. App.—Waco Mar. 3, 2021, no pet.) (mem. op); *see also Highsmith v. Highsmith*, 587 S.W.3d 771, 777–78 (Tex. 2019) (per curiam) (holding answer filed after execution of mediated settlement agreement "moved the case into the 'contested' category"). Consequently, the trial court could only enforce the mediated settlement agreement through a breach of contract action on proper pleading and proof. *See Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009); *Gamboa*, 383 S.W.3d at 269–70.

2. *Did the trial court enforce the mediated settlement agreement on proper pleading and proof?*

"A motion to enforce a settlement agreement is a sufficient pleading by which to raise a cause of action for breach of contract." *Barragan v. Nederland Indep. Sch. Dist.*, No. 09-13-00350-

CV, 2015 WL 474282, at \*3 (Tex. App.—Beaumont Feb. 5, 2015, pet. denied) (mem. op.). VGB's motion to enforce the settlement agreement, which alleged that the parties had reached an enforceable agreement with which Longhorn had refused to comply, was sufficient to assert a breach of contract claim. *See id.*

VGB did not file a motion for summary judgment, and the trial court's docket sheet shows that a jury trial that had been scheduled for November 13, 2023 was cancelled. Our resolution of this issue thus turns on whether the February 28, 2024 hearing that resulted in the final judgment was "an evidentiary hearing, which was akin to a bench trial[.]" *Garcia v. Salazar*, No. 04-18-00191-CV, 2018 WL 4208843, at \*2 (Tex. App.—San Antonio Sept. 5, 2018, pet. denied) (mem. op.); *Lewoczko*, 2020 WL 6494207, at \*4.

Because Longhorn did not bring forward a reporter's record of the February 28 hearing, we must consider whether that omission is fatal to its complaint on appeal. "If the proceeding's nature, the trial court's order, the party's briefs, or other indications show that an evidentiary hearing took place in open court, then a complaining party must present a record of that hearing to establish harmful error." *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 783 (Tex. 2005). Here, the trial court's docket sheet identifies the hearing as "Setting on Motion to Enter/Sign." This notation tends to show that the hearing was non-evidentiary and thus insufficient to support a judgment on a contested settlement agreement. *See Lewoczko*, 2020 WL 6494207, at \*4 (holding that a "non-jury hearing . . . solely for the purpose of determining the merits of the motion to enforce the settlement agreement as a final judgment" was not a trial). Additionally, the trial court's judgment recited that the court considered "the motion, the pleadings on file, [and] the applicable law and arguments of counsel[.]" The order did not recite that the court considered any testimony or documentary evidence other than the mediated settlement agreement, and we see

nothing in the record indicating that it did so. *See LDF Constr., Inc. v. Tex. Friends of Chabad Lubavitch*, 459 S.W.3d 720, 732 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see also In re Est. of Denison*, 2005 WL 2404046, at *1 (settlement agreement alone is insufficient to support judgment where agreement is contested). Finally, neither Longhorn's nor VGB's briefing in this court suggests that the trial court heard any evidence on February 28, and VGB's brief affirmatively states that "no trial was necessary." *See LDF Constr.*, 459 S.W.3d at 732.

After reviewing the record, the judgment, and the parties' briefs, we see no indication that the trial court conducted an evidentiary hearing on February 28, 2024. We therefore conclude that the hearing was non-evidentiary. As a result, Longhorn was not required to present a reporter's record to support its arguments on appeal. And because "[a] case is 'tried' when a court holds an evidentiary hearing," our conclusion on this point mandates a holding that the trial court did not conduct a bench trial on VGB's motion to enforce the settlement agreement. *See Gen. Elec. Cap. Corp. v. ICO, Inc.*, 230 S.W.3d 702, 711 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Because the trial court lacked authority to enforce the mediated settlement agreement "simply on motion and hearing" without Longhorn's consent, it abused its discretion by signing a judgment enforcing the agreement.[2] *See Gamboa*, 383 S.W.3d at 269, 272; *see also, e.g.*, *Leal*, 892 S.W.2d at 858; *Quintero*, 654 S.W.2d at 444.

We sustain Longhorn's second issue. Because our disposition of this issue means Longhorn is entitled to a trial—either a traditional bench or jury trial or a summary judgment proceeding that complies with Texas Rule of Civil Procedure 166a—on VGB's motion to enforce the mediated

---

[2] Because "[a] judgment rendered after one of the parties revokes his consent is void," we reject VGB's assertion that Longhorn has not shown that the trial court's error was harmful. *See Leal*, 892 S.W.2d at 857; TEX. R. APP. 44.1(a)(1) (error is reversible if it "probably caused the rendition of an improper judgment").

settlement agreement, we need not reach Longhorn's first issue regarding the agreement's enforceability. TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the trial court's judgment and remand this matter for further proceedings on VGB's motion to enforce the mediated settlement agreement.

Lori I. Valenzuela, Justice